

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*Superseded By Art. 29-c U.C.S.*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6484
Re: Salaries to be paid the
County Attorney of Navarro
County under the facts
stated.

Your letter of March 20, 1945, requesting the
opinion of this Department, regarding the salary of the County
Attorney of Navarro County is as follows:

"In 1935 Navarro County had a population of
60,507, which would authorize the County Attorney
of Navarro County to draw a salary of $4,750 under
Articles 3883 and 3891.

"In 1940 the population of Navarro County was
51,308, which, under the above mentioned Articles,
would pay the County Attorney $4,250.

"Section 13 of Article 3912e provides in part:

"'Each of said officers shall be paid in
money an annual salary in twelve equal in-
stallments of not less than the total sum
earned as compensation by him in his official
capacity for the fiscal year 1935, and not
more than the maximum amount allowed such of-
ficer under laws existing on August 24, 1935.'

"It is the contention of the County Attorney of
Navarro County that this section of the statute au-
thorizes the Commissioners' Court to pay him a salary

of $4,750 per year, which was the amount the
County Attorney of Navarro County could draw
for the year 1935.

"I shall thank you to advise this depart-
ment the correct salary the County Attorney of
Navarro County is authorized to receive at this
time, and the correct amount upon which to base
the obligations of the State."

Under the 1930 Federal Census, Navarro County came
under the provisions included in the 60,001 to the 100,000
population bracket of Article 3883 and Article 3891, Vernon's
Annotated Civil Statutes. Under the provisions of these Arti-
cles the maximum salaries for county officials of Navarro County
were $4,750.00. It will be noted that Section 13 of Article
3912e, specifically provides that the Commissioners' Courts in
counties having a population of 20,000 inhabitants or more and
less than 190,000 inhabitants, according to the last preceding
Federal Census is authorized and it shall be its duty to fix
the salaries of all the officers named therein at a sum not
less than the total sum earned as compensation by such officer
in his official capacity for the fiscal year 1935, and not more
than the maximum amount allowed such officer under laws existing
on August 24, 1935. In 1936, the compensation or salaries of
officers named in Section 13 of Article 3912e were fixed and
based upon laws existing on August 24, 1935, with reference to
the maximum amount allowed such officers and said Article pro-
vides that the minimum should not be less than the total sum
earned as compensation by such officers under their official
capacities for the fiscal year 1935. According to the 1930
Federal Census, Navarro County came within the population
brackets applying to counties having a population of 60,001
to 100,000 inhabitants. We are of the opinion that the sal-
aries for the officers named in Section 13, Article 3912e, in
counties having a population of 20,000 inhabitants or more, and
less than 190,000 inhabitants according to the last Federal Cen-
sus should be fixed for the year 1945, as provided by law exist-
ing on August 24, 1935, regardless of the population of such
counties as shown by the 1940 Federal Census. In support of the
foregoing statement, we direct your attention to the cases of
Nacogdoches County v. Jenkins, 140 S. W. (2d) 901 and Nacogdoches

Honorable George H. Sheppard, Page 3

County v. Weinder, 140 S. W. (2d) 972 and our Opinions Nos. 0-2560 and 0-2582, copies of such opinions are enclosed for your convenience.

In answer to your inquiry you are respectfully advised that it is the opinion of this Department that the Commissioners' Court of Navarro County is legally authorized to fix the maximum salary of the County Attorney of said County for the year of 1945 at $4,750.00. The actual salary of the County Attorney who performs the duties of a district attorney, is the correct amount upon which the obligation of the State should be based under Subdivision (a), Section 15 of Article 3912e, V. A. C. S. Stated differently the Commissioners' Court of Navarro County is legally authorized to fix the annual salary of each of the county officials in an amount not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing August 24, 1935, regardless of the population of such County as determined by the 1940 Federal Census.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED MAR 28 1945

FIRST ASSISTANT
ATTORNEY GENERAL

AW:fb

APPROVED
OPINION
COMMITTEE
BY BW
CHAIRMAN

